IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**RUSSELL KEITH GAULT,**

    **Plaintiff,**

v.                                                                                                            **Case No. 1:20-cv-123-AW-GRJ**

**UNITED STATES OF AMERICA,**

    **Defendant.**

_____/

## ORDER GRANTING MOTION TO DISMISS

This is a Federal Tort Claims Act case. The plaintiff, Russell Gault, alleges that he checked himself in to a VA hospital to address an "elevated mood episode" related to his bipolar disorder. *See* ECF No. 5 ("FAC") at 6, 12. The facts—accepted at this point as true—are from Gault's amended complaint.

Unable to sleep, Gault asked the nurse to increase his room temperature, but the nurse responded by lowering it. *Id* at 6. When Gault asked again, the nurse raised the temperature "significantly," rendering the room "uninhabitable." *Id.* at 6, 11. Gault asked them to move him to a different room, but nurses refused, mocking him instead. *Id.* at 11. Because Gault could not sleep, his mood episode worsened, and he "began shouting uncontrollably." *Id.* at 12. Some seventeen hours after Gault arrived, nurses offered him a seclusion room. *Id.* By that point, Gault's mood episode had worsened to the point that he was "shouting[] and banging on the walls." *Id.*

1

After Gault finally lied down, the nurses entered the seclusion room and injected him with sedatives. *Id.*

Gault filed an FTCA administrative claim, seeking damages for emotional distress that flowed from how he was treated. *Id.* at 9. The administrative claim was rejected, and Gault filed this suit. ECF No. 1 at 1. The government moved to dismiss for lack of subject-matter jurisdiction and failure to state a claim. ECF No. 12 at 2, 5.

The magistrate judge issued a report and recommendation, concluding the court should dismiss on the merits. I have reviewed that report and recommendation, and I have considered de novo the issues Gault raised in his objections. ECF Nos. 23, 24. I conclude the court lacks jurisdiction to consider any medical malpractice claim and that Gault should be given another opportunity to plead a claim for negligent infliction of emotional distress.

First, before proceeding to the merits, I must determine the issue of subject-matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (noting that courts may not "assume[e]" jurisdiction to reach a "merits question [that] is more readily resolved," even when "the prevailing party on the merits would be the same as the prevailing party were jurisdiction declined").

Under the FTCA, individuals can sue the United States only to the extent "a private person . . . would be liable in the law of the place where the act or omission

occurred." 28 U.S.C. § 1346(b)(1). Thus, this court only has subject-matter jurisdiction over any claims Gault could have brought against a private person under Florida law. *See Ochran v. United States*, 273 F.3d 1315, 1317 (11th Cir. 2001) ("[U]nless the facts support liability under state law, the district court lacks subject matter jurisdiction to decide an FTCA claim.").

Here, § 95.11(4)(b) substantively limits the scope of a medical malpractice claim. That provision is not a "statute of limitation" but a "statute of repose." *See Merkle v. Robinson*, 737 So. 2d 540, 542 n.6 (Fla. 1999). A statute of repose is a "substantive statute" that "provides a substantive right to be free from liability after the established time period." *Houck Corp. v. New River, Ltd., Pasco*, 900 So. 2d 601, 603 (Fla. 2d DCA 2005) (citation omitted); *cf. also Bryant v. United States*, 768 F.3d 1378, 1382 (11th Cir. 2014) (North Carolina statute of repose was a "substantive limit on a plaintiff's right to file an action" that precluded FTCA recovery). Because § 95.11(4)(b) limits the scope of a Florida medical malpractice claim, Gault is time-barred. The court thus lacks subject-matter jurisdiction over his claims, to the extent they are medical-malpractice claims.

On the merits, the magistrate judge determined that Gault had not alleged facts that would support a medical malpractice claim. Given my decision on jurisdiction, I need not address that issue. *See Citizens for a Better Env't*, 523 U.S. at 94.

3

The magistrate judge also liberally construed the complaint to assert other tort claims, including intentional or negligent infliction of emotional distress. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (noting that pro se complaints should be liberally construed). Those do not have the same subject-matter-jurisdiction problem the malpractice claims would have, because the same four-year statute of repose does not apply. *See* § 95.11(3); *see also Phillips v. United States*, 260 F.3d 1316, 1318 (11th Cir. 2001) (holding state statutes of limitations inapplicable in FTCA suits).

The report and recommendation concluded that there are no facts to support intentional infliction of emotional distress, and I agree. It further concluded that there are no facts to support negligent infliction of emotional distress because Gault's emotional trauma caused him no physical injury. ECF No. 23 at 13. But Florida law does not always require such an injury.

"If the plaintiff has suffered an impact, Florida courts permit recovery for emotional distress stemming from the incident during which the impact occurred," even without a physical injury. *Eagle-Picher Indus., Inc. v. Cox*, 481 So. 2d 517, 526 (Fla. 3d DCA 1985). "The essence of impact . . . is that [an] outside force or substance, no matter how large or small, visible or invisible, and no matter that the effects are not immediately deleterious, touch or enter the plaintiff's body." *Zell v.*

4

*Meek*, 665 So. 2d 1048, 1050 n.1 (Fla. 1995) (quoting *Eagle-Picher.*, 481 So. 2d at 527)); *see also id.* (noting that "rather slight" impact is sufficient).

To recover under an impact theory, the plaintiff need not allege that all his emotional distress stemmed from an impact; however, the impact must contribute to the distress in some way. In *Willis v. Gami Golden Glades, LLC*, the plaintiff was robbed in a parking lot after a hotel security guard told her to park there. 967 So. 2d 846, 848 (Fla. 2007). The robber held a gun to the plaintiff's head and patted her down, apparently searching for money. *Id.* at 850. The Florida Supreme court held that the robber's conduct constituted an "impact" for purposes of the NIED claim, but it did not require that all emotional distress stem from that impact, rather than the robbery as a whole. *Id.* at 851; *cf. Eagle-Picher*, 481 So. 2d at 527 (explaining that an impact allows recovery for emotional distress "stemming from the incident during which the impact occurred, and not merely the impact itself"). On the other hand, a woman who suffered a heart attack after being trapped in an elevator and jumping to escape could only recover for NIED against the property owner if the jump impact, not just her fear of being trapped, at least partially caused her emotional distress. *See Arditi v. Grove Isle Ass'n, Inc.*, 905 So. 2d 151, 153 (Fla. 3d DCA 2004).

Here, Gault alleges that VA staff injected him with sedatives after negligently exacerbating his mental illness. FAC at 12. A needle jab may be sufficient to

constitute an impact, but the impact may not be linked closely enough to Gault's emotional distress to state a claim. At this point, he has not alleged sufficient facts to show that the needle jab contributed to his emotional distress, so the motion to dismiss will be granted. But I cannot say that any amendment would be futile, so I will grant Gault's request for leave to amend.

The motion to dismiss (ECF No. 12) is GRANTED. Gault's claims are dismissed for lack of subject matter jurisdiction to the extent they are medical malpractice claims. Gault's ordinary negligence claims are dismissed for failure to state a claim. Gault has 14 days to file a Second Amended Complaint presenting ordinary negligence claims (but not any medical malpractice claims). If he does not timely amend, the case will be dismissed without further notice.

The magistrate judge's report and recommendation (ECF No. 23) is approved in part. It is adopted to the extent not inconsistent with this order. The magistrate judge will conduct further appropriate proceedings.

SO ORDERED on September 9, 2021.

                                        s/ *Allen Winsor*
                                        United States District Judge